JASON E. MURTAGH (SBN 294830)
jason.murtagh@bipc.com
BUCHANAN INGERSOLL & ROONEY LLP
One America Plaza
600 West Broadway, Suite 1100
San Diego, CA  92101
Tel:    (619) 239-8700
Fax:   (619) 702 3898


THOMAS G. COLLINS (*pro hac vice* forthcoming*)*
thomas.collins@bipc.com
CHERI SPARACINO (*pro hac vice* forthcoming)
cheri.sparacino@bipc.com
BUCHANAN INGERSOLL & ROONEY PC
409 N. Second Street, Suite 500
Harrisburg, PA 17101
Tel:    (717) 237-4800
Fax:   (717) 233-0852

Attorneys for Defendant
MEIJI AMERICA INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SILVIA GARCIA, | Case No. |
| Plaintiff, | **DEFENDANT MEIJI AMERICA INC.'S NOTICE OF REMOVAL** |
| vs. | |
| MEIJI AMERICA INC., a Delaware company, | Removal Filed:    October 11, 2024 |
| Defendant. | Action Filed:    September 11, 2024 |

**TO THE UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA, PLAINTIFF SILVIA GARCIA AND HER ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendant, Meiji America Inc. ("Meiji"), hereby files this Notice of Removal to remove the above-captioned action from the Superior Court of the State of California, for the County of Los Angeles, to the United States District Court for the Central District of California, Western Division, pursuant to 28 U.S.C. §§ 1332, 1441, 1446.

# TABLE OF CONTENTS

I.      Factual And Procedural Background. ...................................................................1

II.     The Requirements Of 28 U.S.C. §§ 1441, 1446 Are Met. ...................................2

III.    Removal Is Proper Because This Court Has Jurisdiction Under 28 U.S.C. §§ 1332, 1441. ...........................................................................................................3

        A.      DIVERSITY OF CITIZENSHIP ...........................................................3

        B.      AMOUNT IN CONTROVERSY ...........................................................3

IV.     Conclusion ...........................................................................................................7

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Fritsch v. Swift Transp. Co. of Arizona, LLC*,
  899 F.3d 785 (9th Cir. 2018) ................................................................................5

*Garcia v. Calbee America Inc.*,
  Superior Court of Los Angeles County, Case No. 24STCV23418 (filed Sept. 11,
  2024) ..................................................................................................................4

*Garcia v. The Pictsweet Co.*,
  Superior Court of Los Angeles County, Case No. 24STCV25707 (filed Oct. 3,
  2024) ..................................................................................................................4

*Greene v. Harley-Davidson, Inc.*,
  965 F.3d 767 (9th Cir. 2020) .............................................................................5, 7

*Hawkins v. Kroger Co.*,
  337 F.R.D. 518 (S.D. Cal. 2020) ..........................................................................7

*Hertz Corp. v. Friend*,
  559 U.S. 77 (2010) ..............................................................................................4

*Kenneth Rothschild Tr. v. Morgan Stanley Dean Witter*,
  199 F.Supp.2d 993 (C.D. Cal. 2002) ..................................................................5, 7

*Martin v. Servicemaster Co., LLC*,
  No. CV 18-5001-R, 2018 WL 11483059 (C.D. Cal. Aug. 28, 2018) .......................7

*Morales v. Generix Labs., Inc.*,
  No. CV 10-1179, 2010 WL 11595740 (C.D. Cal. Apr. 19, 2010) ........................6, 7

*Oh v. Humanco LLC*,
  Superior Court of Los Angeles County, Case No. 24STCV15654 (filed June 24,
  2024) ..................................................................................................................4

*Oh v. New Frontier Foods Inc.*,
  Superior Court of Los Angeles County, Case No. 24STCV25739 (filed Oct. 3,
  2024) ..................................................................................................................4

*Oh v. Rick's Picks, LLC*,
  Superior Court of Los Angeles County, Case No. 24STCV16683 (filed July 3,
  2024) ..................................................................................................................4

*Sanchez v. Monumental Life Ins. Co.*,
  102 F.3d 398 (9th Cir. 1996) ...............................................................................5

*Silvia Garcia v. Meiji America Inc.*,
    Case No. 24STCV23400 ........................................................................1, 2, 3

*Singer v. State Farm Mut. Auto. Ins. Co.*,
    116 F.3d 373 (9th Cir. 1997) ...........................................................................5

**Statutes**

28 U.S.C. § 84(c)(2) ...................................................................................................3

28 U.S.C. § 1331(a) ...................................................................................................3

28 U.S.C. §§ 1332, 1441 ...........................................................................................3

28 U.S.C. §§ 1332, 1441, and 1446 ..........................................................................8

28 U.S.C. § 1332(a) ...................................................................................................4

28 U.S.C. § 1332(a)(1) ..............................................................................................3

28 U.S.C. §§ 1332(a)(1) and 1441(a) .......................................................................2

28 U.S.C. § 1332(a)(1), (c)(1) ...................................................................................4

28 U.S.C. § 1332(c)(1) ..............................................................................................4

28 U.S.C. §§ 1441, 1446 ...........................................................................................2

28 U.S.C. § 1441(a) ...................................................................................................3

28 U.S.C. § 1446(a) ...................................................................................................3

28 U.S.C. § 1446(b) ...................................................................................................2

28 U.S.C. § 1446(d) ...................................................................................................3

Cal. Civ. Code § 1750 ................................................................................................1

Cal. Civ. Code § 1780(a), (e) ....................................................................................7

Cal. Civ. Code § 1780(e) ...........................................................................................7

California Consumers Legal Remedies Act ...............................................................1

DEFENDANT MEIJI AMERICA INC.'S NOTICE OF REMOVAL

1    In support of this Notice of Removal, Meiji respectfully submits as follows:

2  **I.    Factual And Procedural Background.**

3    1.    On or about September 11, 2024, Plaintiff, Silvia Garcia, commenced this

4  action against Meiji in the Superior Court of the State of California, for the County of

5  Los Angeles, captioned *Silvia Garcia v. Meiji America Inc.*, Case No. 24STCV23400

6  (the "State Court Action").  A true and accurate copy of the Complaint filed in the State

7  Court Action is attached hereto as **Exhibit 2**.

8    2.    The Complaint centers on Meiji's 2.2 oz bag of Hello Panda Chocolate

9  cookies (the "Product").  More specifically, Plaintiff alleges that the slack fill is non-

10  functional and, therefore, the Product's packaging misleads consumers.  Compl. ¶¶ 1,

11    3.    The Complaint alleges two causes of action:  (1) common law fraud; and

12  (2) violation of the California Consumers Legal Remedies Act, Cal. Civ. Code § 1750

13  *et seq*. ("CLRA").  Compl. ¶¶ 33-48.

14    4.    In addition to requesting injunctive relief requiring Meiji to "add a

15  conspicuous fill line to the front of the Product's packaging sold in California,"

16  Plaintiff seeks actual, statutory, and punitive damages, and attorneys' fees.  Compl. at

17  10.

18    5.    Although Plaintiff has brought her claims in an individual capacity, the

19  Complaint alleges that Plaintiff will amend the same to assert claims on behalf of a

20  class if Meiji does not "accept responsibility for its actions and take all appropriate

21  remedial measures."  Compl. ¶ 32.

22    6.    In accordance with 28 U.S.C. § 1446(a), true and correct copies of all

23  pleadings, process, and orders in the State Court Action are attached hereto as follows:

24        a.  The Civil Case Cover Sheet, Summons, Notice of Case Assignment

25            and Order to Show Cause are attached hereto as **Exhibits 3-6**;

26            Declaration of Jason Murtagh ¶ 2-5 ("*Decl. of Murtagh*")

27        b.  A true and accurate copy of docket nos. 6-11 in the State Court Action

28            are attached hereto as **Exhibit 7-12**; 5 (*Decl. of Murtagh ¶ 6-11*)

c. Meiji's Answer is attached hereto as **Exhibit 13**; (*Decl. of Murtagh ¶ 12*)

## II. The Requirements Of 28 U.S.C. §§ 1441, 1446 Are Met.

7. This Notice of Removal is based on diversity jurisdiction pursuant to 28 U.S.C. §§ 1332(a)(1) and 1441(a).

8. **Timeliness.** A notice of removal "shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading." 28 U.S.C. § 1446(b). Plaintiff served the Complaint on Meiji's counsel on September 12, 2024. A true and correct copy of an email from Plaintiff's counsel serving a copy of the Complaint on Defendant's counsel and Defendant's counsel accepting service of the same is attached hereto as **Exhibit 14**. (*Decl. of Murtagh ¶ 13*) This Notice is filed within 30 days of the date that Defendant first received a copy of the Complaint. Thus, this Notice of Removal is timely filed under 28 U.S.C. § 1446(b).

9. **Removal to Proper Court.** The Superior Court of the State of California, for the County of Los Angeles, is located in the Central District of California. Venue is, therefore, proper because this is the "district and division embracing the place" where the State Court Action is pending. 28 U.S.C. § 1441(a); 28 U.S.C. § 84(c)(2) ("The Western Division comprises the counties of Los Angeles, San Luis Obispo, Santa Barbara, and Ventura.").

10. **Procedural Requirements.** 28 U.S.C. § 1446(a) requires the removing party to provide this Court with a copy of all "process, pleadings, and orders" served on it in the State Court Action. A true and correct copy of the Complaint is attached as Exhibit 2, and all papers filed with court are attached hereto as Exhibits 3-13. Following the filing of this Notice of Removal, Meiji will serve written notice to Plaintiff and Plaintiff's counsel, and will file a true and accurate copy of this Notice with the Clerk of Court for the Superior Court of the State of California, for the County of Los Angeles. 28 U.S.C. § 1446(d).

11. No previous application has been made for the relief requested herein.

2

12.     By filing this Notice, Meiji does not waive and expressly reserves all objections, defenses, and exceptions authorized by law.

**III.    Removal Is Proper Because This Court Has Jurisdiction Under 28 U.S.C. §§ 1332, 1441.**

13.     This case is subject to removal under the provisions of 28 U.S.C. § 1332(a)(1).

14.     As set forth herein, this is an action in which (1) there is complete diversity of citizenship, and (2) the amount in controversy exceeds the $75,000 threshold.

15.     Accordingly, this Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331(a), and removal jurisdiction of this Action under the provisions of 28 U.S.C. § 1441(a).

**A. DIVERSITY OF CITIZENSHIP**

16.     There is diversity of citizenship between the Parties.

17.     Plaintiff is domiciled in and a resident of California.  Compl. ¶ 4.

18.     A corporation is a citizen of the state where it is incorporated and the state in which it has its principal place of business.  28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010).

19.     Meiji is a Delaware corporation with its principal place of business in Pennsylvania.  Meiji is neither incorporated nor has its principal place of business in California.  For purposes of determining diversity, Meiji is a citizen of Delaware and Pennsylvania.

20.     Accordingly, because no defendant is a citizen of the same state as a plaintiff, diversity of citizenship exists between the Parties.  28 U.S.C. § 1332(a)(1), (c)(1).

**B. AMOUNT IN CONTROVERSY**

21.     Plaintiff seeks both monetary and injunctive relief for her claims, providing specific dollar amounts associated with her requests.  Plaintiff values her request for monetary relief as being "not [] in excess of $75,000 in damages," and

1  values her request for injunctive relief as costing "no more than $25,000." Compl. ¶

2  48; *id.* at 10.[1]

3      22.      Assuming, for purposes of this Notice, that Plaintiff is entitled to relief,

4  the amount of controversy exceeds the jurisdictional threshold of $75,000, exclusive

5  of interest and costs, regardless of her attempts to undermine this assertion.

6      23.      District courts have original jurisdiction of all civil actions where the

7  matter in controversy exceeds the sum or value of $75,000 and is between citizens of

8  different states. 28 U.S.C. § 1332(a). "In measuring the amount in controversy, a court

9  must assume that the allegations of the complaint are true and assume that a jury will

10  return a verdict for the plaintiff on all claims made in the complaint." *Kenneth*

11  *Rothschild Tr. v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal.

12  2002) (cleaned up). "[T]he amount in controversy includes damages (compensatory,

13  punitive, or otherwise), the costs of complying with an injunction, and attorneys' fees

14  awarded under fee-shifting statutes or contract." *Fritsch v. Swift Transp. Co. of*

15  *Arizona, LLC*, 899 F.3d 785, 793 (9th Cir. 2018).

16      24.      The Ninth Circuit has instructed district courts to first "consider whether

17  it is 'facially apparent' from the complaint that the jurisdictional amount is in

18  controversy." *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir.

19  1997). If not, "the court may consider facts in the removal petition." *Id.* The removing

20  defendant "must provide evidence establishing that it is 'more likely than not' that the

21  amount in controversy exceeds" the jurisdictional threshold. *Sanchez v. Monumental*

22  *Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). *Greene v. Harley-Davidson, Inc.*, 965

23  F.3d 767, 772 (9th Cir. 2020) (defendant must show it is "reasonably possible that it

24  may be liable" for the proffered amount).

25

26  [1] Plaintiff and Plaintiff's counsel have made identical allegations in other recently filed suits: *Garcia v. The Pictsweet*
    *Co.*, Superior Court of Los Angeles County, Case No. 24STCV25707 (filed Oct. 3, 2024), Compl. ¶ 48; *Garcia v. Calbee*

27  *America Inc.*, Superior Court of Los Angeles County, Case No. 24STCV23418 (filed Sept. 11, 2024), Compl. ¶ 48; *see*
    *also Oh v. New Frontier Foods Inc.*, Superior Court of Los Angeles County, Case No. 24STCV25739 (filed Oct. 3, 2024),

28  Compl. ¶ 48; *Oh v. Rick's Picks, LLC*, Superior Court of Los Angeles County, Case No. 24STCV16683 (filed July 3,
    2024), Compl. ¶ 48; *Oh v. Humanco LLC*, Superior Court of Los Angeles County, Case No. 24STCV15654 (filed June
    24, 2024), Compl. ¶ 48.

25.    **Cost of Injunctive Relief.**  Despite her bald assertion that the request for injunctive relief will cost "no more than $25,000," Plaintiff's claims are baseless. Compl. ¶ 48.

26.    A thorough analysis reveals that the true costs associated with Plaintiff's requested relief will be significantly higher than her proffered number.

27.    In support of this Notice, Meiji submits the Declaration of Ron Fink, Meiji's Chief Operating Officer, which is attached hereto as **Exhibit 8**.  In his Declaration, Mr. Fink describes the costs that Meiji would incur if Plaintiff obtained the requested injunctive relief.

28.    As Chief Operating Officer, Mr. Fink is familiar with the packaging, sales, and advertising of Meiji products.  Ex. 7 ¶¶ 3-4.  Mr. Fink also has knowledge as to Meiji's marketing expenses and product inventory.  *Id.* ¶ 4.

29.    Mr. Fink estimates the costs associated with modifying the Product's packaging to comply with Plaintiff's requested relief as follows:

| | |
|---|---|
| Creation of new design for Product's film packaging to include the "conspicuous fill line." | $20,000 |
| Creation of new design for Product's paperboard packaging to include image of Product's bag with the "conspicuous fill line." | $6,000 |
| Discarding current supply of packaging for the Product. | $210,000 |
| **Total** | **$236,000** |

Ex. 7 ¶¶ 14-15, 17.

30.    Mr. Fink also estimates that the retail value of the Product currently on store shelves in California is approximately $150,000.  Ex. 7 at ¶¶ 18-19.    If this Product was returned, the shipping and handling fees associated with the same would amount to approximately $15,000.  Ex. 7 ¶¶ 19-20.  Meiji would also sustain a non-recoverable loss of approximately $118,000 related to receipt of the returned Product. *Id.* ¶ 21.  Together, this amounts to **$133,000** ($15,000 + $118,000).

31.    Mr. Fink also estimates that the retail value of the Product currently on store shelves in California is approximately $150,000.  Ex. 7 at ¶¶ 18-19.  Courts have

1 incorporated the cost of recalling a product into the calculation for purposes of
2 determining the amount in controversy. *See Morales v. Generix Labs., Inc*., No. CV
3 10-1179, 2010 WL 11595740, at *3 (C.D. Cal. Apr. 19, 2010) (finding that the cost of
4 recalling the challenged product equaled the retail value of the product on California
5 store shelves). Thus, the cost of recalling Meiji's products within California would be
6 at least $150,000, as this figure represents the retail value of the Product currently on
7 store shelves and inventory within the state. *Id.*

8    32.    Accordingly, the total costs associated with the recall and return of
9 Product already in stores and inventory in California, including non-recoverable loss,
10 would amount to approximately **$283,000** ($133,000 + $150,000).

11    33.    Adding the packaging related costs ($236,000) with the costs associated
12 with the recall and return of the Product ($283,000) amounts to **$519,000**.

13    34.    Assuming, as the court must, that a jury would return a verdict for Plaintiff
14 on all claims made in the Complaint (*Kenneth Rothschild*, 199 F.Supp.2d at 1001), then
15 Plaintiff's claim for injunctive relief far exceeds the jurisdictional threshold.

16    35.    **Damages and Attorneys' Fees.** In addition to seeking damages "not []
17 in excess of $75,000," Plaintiff also seeks actual, statutory, and punitive damages, and
18 attorneys' fees and costs. Compl. ¶ 48; *id.* at 10.

19    36.    The CLRA expressly contemplates recovery of each of these categories,
20 which will further elevate the amount in controversy. Cal. Civ. Code § 1780(a), (e).

21    37.    By way of example, although the Complaint does not affix a monetary
22 value to them, "courts have used a 25% multiplier to calculate attorneys' fees" in
23 determining the amount in controversy. *Hawkins v. Kroger Co*., 337 F.R.D. 518, 532
24 (S.D. Cal. 2020). Thus, assuming Plaintiff recovers at least $75,000 in damages, an
25 award of attorneys' fees using a 25% multiplier would amount to **$93,750** ($75,000 +
26 $18,750 [$75,000 × .25]). Relatedly, Meiji could also recover attorneys' fees as the
27 CLRA also contemplates the award of reasonable attorney's fees "to a prevailing
28 defendant upon a finding by the court that the plaintiff's prosecution of the action was

1  not in good faith."  Cal. Civ. Code § 1780(e).

2      38.    In sum, adding the costs of compliance ($519,000) with Plaintiff's

3  potential damages ($75,000) and attorneys' fees ($18,750), the amount in controversy

4  totals approximately **$612,750**.

5      39.    Notably, this figure does not include statutory damages or potential

6  punitive damages, which could significantly increase the total amount in controversy.

7  *See, e.g.*, *Greene v. Harley-Davidson, Inc*., 965 F.3d 767, 772 (9th Cir. 2020)

8  (approving a one-to-one ratio between compensatory and punitive damages); *Martin v.*

9  *Servicemaster Co., LLC*, No. CV 18-5001-R, 2018 WL 11483059, at *1 (C.D. Cal.

10  Aug. 28, 2018) ("Further, punitive damages are included in calculating the amount in

11  controversy, and even if Plaintiff is awarded a minimal award for his damages, ***punitive***

12  ***damages can be substantial***.") (emphasis added).

13      40.    Based on the foregoing, the amount in controversy exceeds the

14  jurisdictional threshold.

15  **IV.    Conclusion**

16      For these reasons, this action is within this Court's original jurisdiction and

17  meets the statutory requirements for removal, such that removal is proper under 28

18  U.S.C. §§ 1332, 1441, and 1446.  Accordingly, Defendant, Meiji America Inc.,

19  respectfully removes this action from the Superior Court for the State of California,

20  County of Los Angeles, to the United States District Court for the Central District of

21  California.

22

23

24

25

26

27

28

DEFENDANT MEIJI AMERICA INC.'S NOTICE OF REMOVAL

1    DATED: October 11, 2024      BUCHANAN INGERSOLL & ROONEY LLP

2

3                             By:  /s/ *Jason Murtagh*

4                                JASON E. MURTAGH

5                                BUCHANAN INGERSOLL & ROONEY PC
                                    THOMAS G. COLLINS

6                                (*pro hac vice* forthcoming*)*
                                    CHERI A. SPARACINO

7                                (*pro hac vice* forthcoming)

8                                Attorneys for Defendant
                                    MEIJI AMERICA INC.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28